UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MANUFACTURING TECHNOLOGY
SOLUTIONS, LLC, an Indiana limited
liability company,

        Plaintiff,

v.

DIVERSIFIED MACHINE, INC.,
a Delaware corporation,

        Defendant.
_____/

Case No.:
Hon.
Magistrate Judge

## COMPLAINT AND JURY DEMAND

Plaintiff Manufacturing Technology Solutions, LLC, through its attorneys Neuman Anderson, P.C., states as follows for its Complaint and Jury Demand:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Manufacturing Technology Solutions, LLC ("Plaintiff" or "MTS") is a citizen of Indiana, in that it is a limited liability company organized under Indiana law and its principal place of business is in Indiana.

2. Defendant Diversified Machine, Inc. ("Defendant or "DMI") is a citizen of Michigan and Delaware, in that it is a company incorporated under Delaware law and its principal place of business is in Oakland County, Michigan.

3. This Court has jurisdiction over this matter under 28 U.S.C. §1332(a)(1)(diversity jurisdiction), as all parties are citizens of different states and the amount in controversy in this matter exceeds $75,000.00.

## STATEMENT OF FACTS

4. Plaintiff restates and incorporates by reference the preceding paragraphs as though more fully set forth herein.

5. On or about December 1, 2006, Plaintiff MTS and Defendant DMI entered into a sales representative agreement, a copy of which is attached as Exhibit A (the "Sales Representative Agreement").

6. Under the Sales Representative Agreement, MTS represented DMI exclusively with respect to products and services DMI sold to Cummins Engine (see Exhibit A).

7. Under the Sales Representative Agreement, in exchange for MTS's representative services, DMI was to pay MTS a commission based on the value added sell price for products and services DMI sold to Cummins Engine (see Exhibit A).

8. Under the Sales Representative Agreement, either party was entitled to terminate the contract, with such termination to be effective sixty (60) days after mailing of written notice to the other party (see Exhibit A).

9. Under the Sales Representative Agreement, in the event the agreement was terminated, DMI was to pay MTS commissions "on any contract for which written request for quotation has been received or any orders existing at the time the contract is terminated" (see Exhibit A).

10. On or about October 6, 2008, DMI sent written notice to MTS that DMI was terminating the Sales Representative Agreement (see Exhibit B, termination letter).

11. DMI has since refused to pay MTS commissions on any orders shipped after December 6, 2008.

2

12. DMI has refused to pay commissions to MTS notwithstanding that orders shipped after that date were on contracts for which written request for quotation had been received and/or on orders that existed at the time the Sales Representative Agreement was terminated.

## COUNT I – BREACH OF CONTRACT

13. Plaintiff restates and incorporates by reference the preceding paragraphs as though fully set forth herein.

14. Plaintiff MTS and Defendant DMI are parties to the Sales Representative Agreement (see Exhibit A).

15. Defendant DMI breached its duties under the Sales Representative Agreement by failing to pay MTS commissions, after the effective termination date of the Sales Representative Agreement, on contracts for which written request for quotation had been received and/or on orders that existed at the time the Sales Representative Agreement was terminated.

16. As a direct and proximate result of Defendant DMI's breach of the Sales Representative Agreement, Plaintiff MTS has incurred damages that exceed $75,000.00.

WHEREFORE, Plaintiff MTS respectfully requests that this honorable Court enter judgment in favor of Plaintiff MTS and against Defendant DMI in an amount in excess of $75,000.00, plus costs, interest, attorney fees and such further relief as is appropriate and just.

## COUNT II
## VIOLATION OF SALES REPRESENTATIVE ACT - MCL 600.2961

17. Plaintiff restates and incorporates by reference the preceding paragraphs as though fully set forth herein.

18. Defendant DMI is a "principal" as defined by MCL 600.2961(1)(d).

19. Plaintiff MTS is a "sales representative" as defined by MCL 600.2961(1)(e).

20. Under the Sales Representative Agreement, Defendant DMI was to pay Plaintiff MTS a "commission" as defined by MCL 600.2961(1)(a).

21. Defendant DMI failed to pay Plaintiff MTS commissions due under the Sales Representative Agreement.

22. Defendant DMI's failure to pay Plaintiff MTS commissions due under the Sales Representative Agreement was intentional.

23. As a direct and proximate result of Defendant DMI's failure to pay Plaintiff MTS commissions due under the Sales Representative Agreement, Plaintiff suffered damages that exceed $75,000.00.

WHEREFORE, Plaintiff MTS respectfully requests that this honorable Court enter judgment in favor of Plaintiff MTS and against Defendant DMI in an amount in excess of $75,000.00, treble damages as provided for under MCL 600.2961(5)(b), costs, interest and attorney fees as provided for in MCL 600.2961(6), and such further relief as is equitable and just.

## COUNT III – UNJUST ENRICHMENT/QUANTUM MERUIT

24. Plaintiff restates and incorporates by reference the preceding paragraphs as though fully set forth herein.

4

25. Defendant DMI has received a valuable benefit from Plaintiff MTS in the form of its sales representative services.

26. It would be inequitable to allow Defendant DMI to retain the benefit of Plaintiff MTS's services without compensating MTS for the same.

27. As a direct and proximate result of Defendant DMI's actions, Plaintiff suffered damages that exceed $75,000.00, exclusive of costs, interest and attorney fees.

WHEREFORE, Plaintiff MTS respectfully requests that this honorable Court enter judgment in favor of Plaintiff MTS and against Defendant DMI in an amount in excess of $75,000.00, plus costs, interest, attorney fees and such other relief as is appropriate and just.

## JURY DEMAND

Plaintiff demands a jury trial in this matter.

Respectfully submitted,

NEUMAN ANDERSON, P.C.

By: /s/ Kenneth F. Neuman
Kenneth F. Neuman (P39429)
kneuman@neumananderson.com
Attorneys for Plaintiff
29100 Northwestern Hwy., Suite 260
Southfield, MI 48034
(248) 352-5522

Date: June 23, 2009